Dear Mr. Bergdoll:
On behalf of the Honorable Grady Judd, Sheriff of Polk County, you have asked for my opinion on substantially the following questions:
1. Does the language in section 318.121, Florida Statutes, apply to future county ordinances, ordinances passed previously, or both?
2. Does the language of section 318.121, Florida Statutes, create an exception if a county ordinance is passed allowing a surcharge after the effective date of the statute or is such a surcharge expressly preempted without enabling legislation?
Your questions are related and will be answered together.
Chapter 318, Florida Statutes, is the "Florida Uniform Disposition of Traffic Infractions Act."[1] The purpose of the act, as specifically provided by the Legislature, is to decriminalize certain violations of the Florida Uniform Traffic Control Law, the motor vehicle license statutes, drivers' license provisions, Florida intrastate highway system and toll facilities statutes, and the "Support of Learning" law, "thereby facilitating the implementation of a more uniform and expeditious system for the disposition of traffic infractions."[2]
Section 318.121, Florida Statutes, a section of the act provides:
"Preemption of additional fees, fines, surcharges, and costs. — Notwithstanding any general or special law, or municipal or county ordinance, additional fees, fines, surcharges, or costs other than the court costs and surcharges assessed under s. 318.18(11), (13), and (18) may not be added to the civil traffic penalties assessed in this chapter."
The original statute was enacted in 1996 and has been amended to add the language relating to surcharges assessed under section 318.18(11), (13), and most recently, (18).[3]
Section 318.121, Florida Statutes, recognizes the continued imposition of those fees, fines, surcharges, and costs contained in Chapter 318, Florida Statutes, but limits the assessment of additional costs and surcharges to those imposed under section 318.18(11), (13), and (18), Florida Statutes.[4] These provisions relate to the amount of penalties required for a noncriminal disposition or a criminal offense. As amended during the 2008 legislative session, the statute now provides:
"(11)(a) In addition to the stated fine, court costs must be paid in the following amounts and shall be deposited by the clerk into the fine and forfeiture fund established pursuant to s. 142.01:
For pedestrian infractions ............ $4.
For nonmoving traffic infractions ............ $18.
For moving traffic infractions ............ $35.
(b) In addition to the court cost required under paragraph (a), up to $3 for each infraction shall be collected and distributed by the clerk in those counties that have been authorized to establish a criminal justice selection center or a criminal justice access and assessment center pursuant to the following special acts of the Legislature:
1. Chapter 87-423, Laws of Florida, for Brevard County.
2. Chapter 89-521, Laws of Florida, for Bay County.
3. Chapter 94-444, Laws of Florida, for Alachua County.
4. Chapter 97-333, Laws of Florida, for Pinellas County.
Funds collected by the clerk pursuant to this paragraph shall be distributed to the centers authorized by those special acts.
(c) In addition to the court cost required under paragraph (a), a $2.50 court cost must be paid for each infraction to be distributed by the clerk to the county to help pay for criminal justice education and training programs pursuant to s. 938.15. Funds from the distribution to the county not directed by the county to fund these centers or programs shall be retained by the clerk and used for funding the court-related services of the clerk.
(d) In addition to the court cost required under paragraph (a), a $3 court cost must be paid for each infraction to be distributed as provided in s. 938.01 and a $2 court cost as provided in s. 938.15 when assessed by a municipality or county.
* * *
(13) In addition to any penalties imposed for noncriminal traffic infractions pursuant to this chapter or imposed for criminal violations listed in s. 318.17, a board of county commissioners or any unit of local government which is consolidated as provided by s. 9, Art. VIII of the State Constitution of 1885, as preserved by s. 6(e), Art. VIII of the Constitution of 1968:
(a) May impose by ordinance a surcharge of up to $15 for any infraction or violation to fund state court facilities. The court shall not waive this surcharge. Up to 25 percent of the revenue from such surcharge may be used to support local law libraries provided that the county or unit of local government provides a level of service equal to that provided prior to July 1, 2004, which shall include the continuation of library facilities located in or near the county courthouse or annexes.
(b) That imposed increased fees or service charges by ordinance under s. 28.2401, s. 28.241, or s. 34.041 for the purpose of securing payment of the principal and interest on bonds issued by the county before July 1, 2003, to finance state court facilities, may impose by ordinance a surcharge for any infraction or violation for the exclusive purpose of securing payment of the principal and interest on bonds issued by the county before July 1, 2003, to fund state court facilities until the date of stated maturity. The court shall not waive this surcharge. Such surcharge may not exceed an amount per violation calculated as the quotient of the maximum annual payment of the principal and interest on the bonds as of July 1, 2003, divided by the number of traffic citations for county fiscal year 2002-2003 certified as paid by the clerk of the court of the county.
Such quotient shall be rounded up to the next highest dollar amount. The bonds may be refunded only if savings will be realized on payments of debt service and the refunding bonds are scheduled to mature on the same date or before the bonds being refunded. Notwithstanding any of the foregoing provisions of this paragraph that limit the use of surcharge revenues, if the revenues generated as a result of the adoption of this ordinance exceed the debt service on the bonds, the surplus revenues may be used to pay down the debt service on the bonds; fund other state-court-facility construction projects as may be certified by the chief judge as necessary to address unexpected growth in caseloads, emergency requirements to accommodate public access, threats to the safety of the public, judges, staff, and litigants, or other exigent circumstances; or support local law libraries in or near the county courthouse or annexes.
A county may not impose both of the surcharges authorized under paragraphs (a) and (b) concurrently. The clerk of court shall report, no later than 30 days after the end of the quarter, the amount of funds collected under this subsection during each quarter of the fiscal year. The clerk shall submit the report, in a format developed by the Office of State Courts Administrator, to the chief judge of the circuit, the Governor, the President of the Senate, and the Speaker of the House of Representatives.
* * *
(18) In addition to any penalties imposed, an administrative fee of $12.50 must be paid for all noncriminal moving and nonmoving traffic violations under chapter 316. Revenue from the administrative fee shall be deposited by the clerk of court into the fine and forfeiture fund established pursuant to s. 142.01."
The 2008 legislative amendments to section 318.18, Florida Statutes, became effective on July 1, 2008.[5]
Thus, as of July 1, 2008, the newly enacted provisions of subsection (18) require an additional administrative fee of $12.50 be imposed on all noncriminal moving and nonmoving traffic violations under Chapter 316, Florida Statutes. Further, legislative changes to the amount imposed as court costs under subsection (11)(a) became effective.
Section 318.121, Florida Statutes, precludes the imposition of any fees, fines, surcharges, or costs other than those assessed under section 318.18(11), (13), and (18), Florida Statutes. The statute clearly preempts any general or special law, or municipal or county ordinance that would seek to add other fees, fines, surcharges, or costs to the civil traffic penalties set forth in Chapter 318, Florida Statutes.[6] Legislative intent for adoption of Chapter 318, Florida Statutes, was to provide a uniform system for the disposition of traffic infractions (see section 318.12, Florida Statutes) and the Legislature chose to preempt local regulation to facilitate this uniform treatment. (Legislative intent is the polestar) Thus, in the absence of a state legislative provision, no fees, fines, surcharges, or costs may be added to the civil traffic penalties authorized by chapter 318.
In sum, it is my opinion that section 318.121, Florida Statutes, has acted since 1996[7] as a preemption to local regulation of fees, fines, surcharges, or costs which may be added to the civil traffic penalties assessed under Chapter 318. However, the newly increased amounts which can be assessed under subsection (11)(a) and the administrative fee authorized by the newly enacted subsection (18) may only be imposed after the effective date of the act, July 1, 2008.
Sincerely,
 Bill McCollum Attorney General
BM/tgh
[1] Section 318.11, Fla. Stat., provides the short title for the act.
[2] Section 318.12, Fla. Stat.
[3] See s. 42, Ch. 96-350, Laws of Fla.; s. 14, Ch. 97-225, Laws of Fla.; s. 47, Ch. 2005-236, Laws of Fla.; and s. 30, Ch. 2008-111, Laws of Fla.
[4] But see s. 938.19(1), Fla. Stat., authorizing the assessment and collection of court costs for teen court "[n]otwithstanding s. 318.121;" and Op. Att'y Gen. Fla. 2001-40.
[5] See s. 48, Ch. 2008-111, Laws of Fla.; s. 2, Ch. 2008-137, Laws of Fla.; and s. 2, Ch. 2008-205, Laws of Fla.
[6] See Reino v. State, 352 So. 2d 853, 860 (Fla. 1977); State v.Egan, 287 So. 2d 1, 4 (Fla. 1973); Holly v. Auld, 450 So. 2d 217, 219
(Fla. 1984); and Tallahassee Memorial Regional Medical Center, Inc., v.Tallahassee Medical Center, Inc., 681 So. 2d 826, 830 (Fla. 1st DCA 1996), for the proposition that when the language of a statute is clear and unequivocal, the legislative intent may be gleaned from the words used without applying incidental rules of construction.
[7] See s. 42, Ch. 96-350, Laws of Fla.